## MOYLAN *v.* SECOND AVE. R. CO.

*(Supreme Court, General Term, Second Department.* February 11, 1891.)

1. INJURIES TO PASSENGERS ENTERING CAR.
    Plaintiff signaled defendant's street-car to stop. When the car had almost stopped plaintiff attempted to enter, but the car started suddenly and threw him to the ground, causing the injuries complained of. *Held*, that the questions of negligence and contributory negligence were properly submitted to the jury.

2. DAMAGES—CONTINUING INJURY.
    Plaintiff's injuries resulted in pleurisy, which he offered evidence to show was permanent, and liable to grow worse. Defendant offered evidence that the disease "in a majority of cases resulted in recovery," and that 5 per cent. were fatal. *Held*, that the evidence supported a verdict for plaintiff as for a continuing injury.

Appeal from circuit court, Kings county.

Action by Andrew Moylan against the Second Avenue Railroad Company. There was a verdict for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKEMAN and PRATT, JJ.

*Augustus S. Hutchins,* for appellant. *Fredrick S. Massey,* for respondent.

BARNARD, P. J. The plaintiff signaled one of the defendant's street-cars to stop for him. The car, in response to the signal, stopped nearly, but not

entirely. The plaintiff took hold of the stanchion near the middle of the car, which was an open one, and before he could get upon the car the driver started the horses attached to the car very fast, and thereby brought the plaintiff in contact with a truck, and occasioned the injury. The duty of a passenger-carrying railroad is to give a sufficient opportunity for the passengers to get on and off the car. That the passenger attempted to get on before the car fully stopped is not of itself contributory negligence. In the present case it plainly was not negligent upon the plaintiff's part to attempt to get upon the car almost at a stand-still, and where it appears quite certain that he would safely reach the car but for the sudden starting up of the car before he had time to accomplish his purpose. The case is so similar in its facts to those contained in the case of *Eppendorf* v. *Railroad Co.*, 69 N. Y. 195, that it was proper to send the case to the jury both upon the question of defendant's negligence and upon the question of the freedom of plaintiff from all contributory neglect which contributed to the accident. The hypothetical question was one which the evidence justified. The inference was fair that plaintiff was well and able to earn $18 to $20 per week as a brass and iron polisher; after the accident he had a pain in the side, and could only earn $12 per week; that he could not work continuously, and had to take rest at intervals. It was not proved that he had no cold before the accident, and the hypothetical question stated a freedom from cold. The physician stated that the disease of the plaintiff was chronic pleurisy, and that it was of such a character that it was due solely, and could result solely, from direct violence, and not from exposure. The statement in the question as to freedom from cold was carefully excluded from any effect upon the answer, and therefore harmed no one. As to the injury the plaintiff's proof tended to show it was permanent, with an uncertain liability to grow worse, and possibly tend to something else. The defendant's medical evidence tended to show that the disease "in a majority of cases results in recovery;" that 5 per cent. were mortal. Upon this evidence the jury could find an injury which was to continue in the future, and could give damages for such injury. No possible further proof could be given in the case. There was an injury from a wound which occasioned pleurisy, and prevented a proper purification of the blood from an inability to fully use the lungs. In half of the instances of such disease the patient got no better during life, and five out of a hundred die of the disease. Of necessity, the question on this proof must go to the jury, and the charge was free from objection in respect thereto. The judgment should therefore be affirmed, with costs. All concur.